UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JAYEVON BLAINE,                         :
      Plaintiff,                        :
                                        :
v.                                      :     CASE NO. 3:16-cv-1339 (VLB)
                                        :
C/O HANCOCK, et al.,                    :
      Defendants.                       :

## INITIAL REVIEW ORDER

Plaintiff, Jayevon Blaine, currently incarcerated at the Garner Correctional Institution in Newtown, has filed a Complaint *pro se* under 42 U.S.C. § 1983 (2000).  The Complaint was received on August 8, 2016, and Plaintiff's Application to Proceed *In Forma Pauperis* was granted on August 15, 2016.  Plaintiff names as defendants Correctional Officer Hancock and three John Doe officers in their individual capacities ("Defendants").  Plaintiff alleges that Defendants humiliated him during a strip search.

Under 28 U.S.C. § 1915A (2000), the court must review a prisoner civil complaint and dismiss any portion that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  *Id.*  Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based, and demonstrate a right to relief.  *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007).  Conclusory allegations are not sufficient.  *Ashcroft v. Iqbal*, 556 U.S. 662,

678 (2009).  The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.  Nevertheless, it is well-established that "pro se complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); see also *Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants); *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).

## I. Allegations

On April 25, 2016, while confined at Garner Correctional Institution as a sentenced prisoner, Plaintiff was escorted to his housing unit by male correctional officers.  Doc. #1, ¶ 4.  While he was on his knees, defendants strip searched plaintiff in his cell.  A body cavity check was done as part of the search.  Doc. #1, ¶ 5.  Plaintiff was completely naked with his genitals and buttocks exposed.  Doc. #1, ¶ 6.  During the search, defendants Hancock and Does made no attempt to stop forcing plaintiff's chest into the bunk.  Doc. #1, ¶ 7.  As a result of the incident, plaintiff felt sexually assaulted and humiliated.  Doc. #1, ¶¶ 7, 9.

## II. Discussion

To state an Eighth Amendment claim, a prisoner must show that the alleged conduct is objectively, sufficiently serious and that the defendant acted with a sufficiently culpable state of mind, that is, that he acted maliciously and sadistically to cause harm.  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  In

*Boddie v. Schneider*, 105 F.3d 857 (2d Cir. 1997), the Second Circuit acknowledged that, under some circumstances, sexual abuse of a prisoner by a correctional office may violate the prisoner's Eighth Amendment right to be free from cruel and unusual punishment. *Id.* at 860-61.

> Sexual abuse may violate contemporary standards of decency and can cause severe physical and psychological harm. For this reason, there can be no doubt that severe or repetitive sexual abuse of an inmate by a prison official can be "objectively, sufficiently serious" enough to constitute an Eighth Amendment violation. Moreover, like the rape of an inmate by another inmate, sexual abuse of a prisoner by a corrections officer has no legitimate penological purpose, and is "simply not part of the penalty that criminal offenders pay for their offenses against society."

*Id.* at 861 (citations omitted). The Second Circuit recently clarified the holding in *Boddie*. "A corrections officer's intentional contact with an inmate's gentialia or other intimate area, which serves no penological purpose and is undertaken with the intent to gratify the officer's desire or to humiliate the inmate, violates the Eighth Amendment['s]" prohibition against cruel and unusual punishment. *Crawford v. Cuomo*, 796 F.3d 252, 257 (2d Cir. 2015).

Plaintiff alleges that he was strip searched on one occasion. He does not allege that any Defendant improperly touched his genitalia or other intimate area. He alleges only that his chest was pushed against the bunk. He alleges no facts suggesting that any Defendant acted to gratify his own sexual desire or from an intent to humiliate Plaintiff.

The cases finding a cause of action under *Crawford* concern sexual contact with the inmate. *See, e.g., Jumpp v. Terranova*, No. 3:16-cv-683(SRU), 2016 WL

3

2858775, at *1-2 (D. Conn. May 16, 2016) (guard slapping inmate's buttocks and grabbing his penis with no evidence of legitimate penological purpose); *Goins v. Wosneack*, No. 6:15-cv-6234 EAW, 2016 WL 1271701, at *5 (W.D.N.Y. Mar. 30, 2016) (guard pressed aroused penis against buttocks of female inmate for his own sexual gratification).   Plaintiff alleges that Defendants pushed his chest into the bunk during a strip search.  He alleges no facts suggesting any improper touching.  The fact that Plaintiff felt humiliated, without more, does not rise to the level of an Eighth Amendment violation.

## ORDERS

(1)   The Complaint is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915A(b)(1).  Plaintiff may file an amended complaint within 35 days of August 17, 2016, the date of the Initial Review Order, if he can allege facts supporting a cognizable claim.

(2)   The Clerk is directed to enter judgment and close this case.

SO ORDERED this 17th day of August 2016, at Hartford, Connecticut.

                                                    /s/
                                      Hon. Vanessa L. Bryant
                                      United States District Judge